IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

WILLIAM DAVID THOMPSON,

    Plaintiff,

vs.

BRAD JOHNSON, Director;
CORRECTIONS CARE SOLUTIONS,
Medical; DR. CHE, Medical Doctor;
and DR. BILLUPS, Medical Doctor;

    Defendants.

**4:17CV3105**

**MEMORANDUM AND ORDER**

Plaintiff filed a Complaint on August 14, 2017. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 9.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is a prisoner currently confined at the Lancaster County Jail. He brings this action pursuant to 42 U.S.C. § 1983 against Corrections Care Solutions, Dr. Che, Dr. Billups, and the director of the Lancaster County Jail, Brad Johnson, in their official capacities for deliberate indifference to his serious medical needs. (Filing No. 1.) Liberally construed, he also sues Jeff Terry ("Terry") and Jenny Hoyt ("Hoyt"), who appear to be nurses at the Lancaster County Jail. (*Id.* at CM/ECF p.4.)

The basis for Plaintiff's claim is that staff at Lancaster County Jail has failed to provide him appropriate and timely medical treatment over a period of three months for a rash that spread over Plaintiff's entire body. (*Id.* at CM/ECF pp.3–4.)

Plaintiff states that nurses Terry and Hoyt and Dr. Che and Dr. Billups attributed Plaintiff's condition to "just a rash" resulting from laundry detergent. (*Id.* at CM/ECF p.4.)  Plaintiff alleges that he was eventually diagnosed by a dermatologist with scabies, but medical staff and Corrections Care Solutions are not treating Plaintiff according to the protocol prescribed by the dermatologist and his condition is not improving. (*Id.* at CM/ECF pp.4–5.)  Plaintiff has attached several "Inmate Medical/Mental Health Request Forms" in support of his allegations that he did not receive timely and appropriate treatment. (*Id.* at CM/ECF pp.5, 14–22.)  Plaintiff also filed a grievance, but had not received a response at the time of the filing of his Complaint. (*Id.* at CM/ECF pp.12–13.)

As a result of the alleged delay and failure to provide appropriate treatment, Plaintiff has suffered severe itching to the point where he scratched his skin until he bled leaving many marks and scars all over his body. (*Id.* at CM/ECF p.5). Plaintiff seeks $300,000.00 as compensation for "the pain and suffering and permanent scarring" resulting from the alleged "unfit medical procedures." (*Id.*)

## II.  APPLICABLE STANDARDS OF REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when

2

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Plaintiff sues Corrections Care Solutions, Dr. Che, Dr. Billups, and Brad Johnson in their official capacities. Liberally construed, Plaintiff also asserts claims against Terry and Hoyt, although neither is named as a defendant in the

3

caption.[1]  The court must presume that Terry and Hoyt are likewise sued in their official capacities.[2]

Liberally construed, Plaintiff's claim against Brad Johnson, the director of the Lancaster County Jail, is a claim against Lancaster County.  "A suit against a public employee in his or her official capacity is merely a suit against the public employer."  *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit.").  Plaintiff alleges that Corrections Care Solutions employs Dr. Che and Dr. Billups.  A suit against Dr. Che and Dr. Billups in their official capacities is a claim against Corrections Care Solutions.  *See Bingham v. Baker*, 2016 WL 8711599 at *4 (N.D. Ill. Apr. 15, 2016) ("The official capacity claims against Baker and Ozekee are essentially claims against Correct Care Solutions."); *see also Martinez v. White*, 2017 WL 1750241 (W.D. Ky. May 3, 2017); *McNabb v. Ray*, 2017 WL 600107 (W.D. Ark. Feb. 14, 2017); *Crawford v. Carroll Cty.*, 2016 WL 3945851 (W.D. Tenn. July 19, 2016).  The court cannot determine from Plaintiff's allegations if Lancaster County or Corrections Care Solutions employs Terry and Hoyt.  Regardless, Plaintiff must allege that a "policy" or "custom" caused a violation of his constitutional rights in order to state a plausible claim against Lancaster County or Corrections Care Solutions.

---

[1] *See Miller v. Hedrick*, 140 Fed. App'x 640, 641 (8th Cir. 2005) (citing *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) ("[A] party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant.")).

[2] *See Alexander v. Hedback*, 718 F.3d 762, 766 n.4 (8th Cir. 2013) ("'This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.'") (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)).

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Similarly, "[a] corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." *Sanders v. Sears, Roebuck & Col.*, 984 F.2d 972, 975 (8th Cir. 1993) (citing *Monell*, 436 U.S. at 690). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

> To establish the existence of a governmental custom, a plaintiff must prove:
>
> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Lancaster County's employees, or that Lancaster County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind the alleged constitutional violation. Likewise, Plaintiff has not alleged that

Corrections Care Solutions has a "policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983." *Sanders, supra*. In other words, Plaintiff has not alleged that Lancaster County or Corrections Care Solutions has a policy or custom of deliberately disregarding prisoners' objectively serious medical needs. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Lancaster County or Corrections Care Solutions across the line from conceivable to plausible.

On its own motion, the court will grant Plaintiff leave to file an amended complaint that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this action without further notice to Plaintiff.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall file an amended complaint by **November 20, 2017**, that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: **November 20, 2017**: check for amended complaint.

Dated this 19th day of October, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge